# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIYAN WU,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Serve:  Executive Office<br>        Office of the Legal Adviser, Suite 5.600<br>        600 19th St. NW<br>        Washington, DC 20522<br><br>U.S. EMBASSY IN BEIJING, CHINA,<br><br>Serve:  Executive Office<br>        Office of the Legal Adviser<br>        Suite 5.600<br>        600 19th St. NW<br>        Washington, DC 20522<br><br>MARCO RUBIO, United States Secretary of State,<br><br>Serve:  Executive Office<br>        Office of the Legal Adviser<br>        Suite 5.600<br>        600 19th St. NW<br>        Washington, DC 20522<br><br>and;<br><br>DAVID PERDUE, United States Ambassador to the U.S. Embassy in Beijing, China,<br><br>Serve:  Executive Office<br>        Office of the Legal Adviser<br>        Suite 5.600<br>        600 19th St. NW<br>        Washington, DC 20522 | Case No. |

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S H-1B NON-IMMIGRANT VISA APPLICATION

COMES NOW Plaintiff Liyan Wu respectfully requests this Honorable Court to issue a writ of mandamus compelling Defendants to adjudicate Plaintiff's long-delayed non-immigrant visa application.

### PARTIES

1. Plaintiff Liyan Wu is the beneficiary of an approved H-1B non-immigrant visa.

2. On August 8, 2023, Plaintiff's employer filed an I-129 Petition with the United States Citizenship and Immigration Services on Plaintiff's behalf. This Petition was approved on August 11, 2023.

3. Plaintiff is a citizen of China.

4. Plaintiff paid the applicable visa fees and submitted all necessary documents to the Defendants. The DS-160 was submitted on July 11, 2025, and the case was assigned Case Number AA00ERPX1H.

5. The State Department conducted Plaintiff's visa interview on or about July 31, 2025.

6. During the interview, the consular officer requested additional documents, which Plaintiff submitted promptly the very next day on August 1, 2025.

7. Since then, the Defendants refuse to issue the non-immigrant visa stamp to Plaintiff.

8. Defendants continue to refuse to issue the visa stamp and refuse to provide

information as to when, if ever, the visa stamp may be issued.  This has produced a tremendous hardship on the Plaintiff.

9. Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the Department of Homeland Security and managing Defendant U.S. Embassy in Beijing, China, and which is responsible for implementing the non-immigrant visa provisions of the law.

10. Defendant U.S. Embassy in Beijing, China, (hereinafter sometimes referred to as "the Consulate") is a component of the DOS that is responsible for processing visa applications and implementing the immigrant and non-immigrant visa provisions of the law.

11. Defendant Marco Rubio, Secretary of State, is the highest ranking official within the DOS.  Rubio is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA.  Rubio is sued in his official capacity as an agent of the government of the United States.

12. Defendant David Perdue is the United States Ambassador of the U.S. Embassy in Beijing, China.  They are being sued in an official capacity as an agent of the government of the United States.

**JURISDICTION AND VENUE**

13. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

14. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or

under color of legal authority; (2) no real property is involved in this action, and; (3) Plaintiff has significant ties to this district and intends to return to reside and work within this district once the visa stamp is issued.

15. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Plaintiff's visa application.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For the first claim for relief against all Defendants, Plaintiff alleges and states as follows:

16. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

17. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

18. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

19. The Defendants claim that the visa application filed by Plaintiff is currently undergoing "administrative processing."

20. Plaintiff alleges that the application has been in administrative processing beyond a reasonable time period for completing administrative processing of the visa application.

21. The combined delay and failure to act on the visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

22. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

23. Plaintiff has exhausted all administrative remedies available to Plaintiff in pursuit of a resolution of this matter, including repeatedly requesting the processing of his case with the Defendants.

24. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by denying Plaintiff the ability to come to the U.S. to fulfill the purpose of the non-immigrant visa.

### SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For the second claim for relief against all Defendants, Plaintiff alleges and states as follows:

25. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

26. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

27. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

28. The combined delay and failure to act by Defendants has irrevocably harmed

Plaintiff by denying Plaintiff the ability to come to the U.S. to fulfill the purpose of the non-immigrant visa.

29.  Furthermore, Plaintiff is experiencing severe professional, financial, and emotional hardship due to the prolonged delay in his visa case. The delay has critically disrupted his employment as a Research Assistant Professor at Drexel University, where he leads federally funded research projects that require his physical presence in the laboratory. Plaintiff's continued absence has stalled time-sensitive research, jeopardized federal grant funding, and wasted taxpayer resources. Plaintiff has also been unable to fulfill his teaching and mentoring responsibilities, negatively affecting students and placing an undue burden on his department. Because Plaintiff's employment is contingent upon his ability to work in the United States, he faces an imminent risk of termination, threatening years of academic and professional achievement. The delay has also imposed severe financial strain as Plaintiff still pays for his residence in Philadelphia while stranded abroad and faces barriers to accessing his U.S.-based savings and investments. Plaintiff is further suffering significant emotional distress due to prolonged separation from his partner and the inability to make long-terms plans.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Liyan Wu requests the following relief:

1.  That this Honorable Court assume jurisdiction over this action;

2.  That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

3.  That this Honorable Court take jurisdiction of this matter and adjudicate the visa pursuant to this Court's declaratory judgment authority;

4.  That this Honorable Court issue a writ of mandamus compelling Defendants to

issue the visa stamp;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action they may take to accelerate processing of the visa application;

6. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
February 4, 2026

**/s/ Andrew Lacy, Jr.**
Andrew Lacy, Jr. Esq. (Bar No. 321232)
THE LACY EMPLOYMENT LAW FIRM LLC
3675 Market Street, Suite 200
Philadelphia, PA19104
(t) 412-301-3908
andrew.lacy@employment-labor-Law.com

**/s/ Christina Sullivan Castro**
Christina Sullivan Castro
CA B# 328326
Hacking Immigration Law, LLC
10121 Manchester Rd, Suite A,
St. Louis, MO 63122
Telephone: (314) 961-8200
Facsimile: (314) 961-8201
E-mail: csullivan@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**